# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ALFRED SCHAER,

    Plaintiff,

v.                                                         CASE NO: 8:14-cv-49-T-26TGW

DUNN & PHILLIPS, LLC, f/k/a
DEAN & STEARN, LLC,
and RYAN STERN,

    Defendants.
_____/

## O R D E R

Pending before the Court for resolution is the Plaintiff's Motion to Remand and Incorporated Memorandum of Law.[1] After careful review of the motion, together with the record of the state-court proceedings before the Court, the Court concludes that the motion is due to be denied without the requirement of a response from the removing Defendant, Dunn & Phillips, LLC (the removing Defendant).

---

[1] See docket 6.

The primary basis for the Plaintiff's motion to remand this case to state court[2] is the fact that the removing Defendant failed to secure the consent of the other Defendant, Ryan Stern (the Defendant Stern), prior to filing its notice of removal in which it alleges that although it "undertook substantial efforts to locate and obtain Defendant Stern's consent for removal . . . Defendant Stern has concealed and continues to conceal his whereabouts, and has evaded Defendant Dunn & Phillips' contact."[3] In response to this allegation, the Plaintiff contends that because the Defendant Stern was properly served by substituted service of process on the Secretary of State of the State of Florida pursuant to section 48.181 of the Florida Statutes, the removing Defendant was required to secure his consent to removal under Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001), in which the Eleventh Circuit Court of Appeals clearly held that "[t]he unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal."

The issue becomes, therefore, whether, based on the state-court record before the Court, the Plaintiff properly attained substituted service of process on the Defendant Stern prior to removal, an issue which this Court, as opposed to the removing Defendant, has the authority to raise because it affects the very jurisdictional authority of this Court over the person of the Defendant Stern. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108

---

[2] Although the Plaintiff makes a passing reference questioning whether the removing Defendant has satisfied the amount in controversy and citizenship requirements necessary to confer subject matter jurisdiction based on diversity, it advances no substantive argument with regard to those claims so that the Court deems them abandoned and, accordingly, does not address them.

[3] See docket 1, page 3, paragraph 9.

S.Ct. 404, 409, 98 L.Ed.2d 415 (1987) (stating that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Furthermore, mere notice to a defendant is insufficient to satisfy the requirement of service of process and to bestow personal jurisdiction over that defendant. Id.; accord Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 924-25 (11th Cir. 2003) (citing Omni Capital Int'l, 484 U.S. at 104). Consequently, the Defendant Stern was not obliged to engage in litigation in this case until such time as he was properly put on notice of this action by formal process. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999) (stating the bedrock principle that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."); accord Prewitt, 353 F.3d at 925 (citing Murphy Bros., Inc., 526 U.S. at 347).

Because the Plaintiff sought to effect substituted service of process on the Defendant Stern by serving the Secretary of State of the State of Florida under the auspices of section 48.181, it necessarily had to comply strictly with the procedural requirements imposed by section 48.161(1) of the Florida Statutes which governs the requirements of how to effect substituted service of process on a nonresident or a person who conceals his or her whereabouts. See Federal Nat'l Mortg. Ass'n v. Fandino, 751 So.2d 752, 753 (Fla. Dist. Ct. App. 2000) (citing to numerous Florida appellate cases for the proposition that "[w]here substitute service of process is used, strict compliance with the statutes governing this form of service is essential to obtaining valid personal jurisdiction over the defendant(s)."). Without personal jurisdiction over a defendant, any judgment entered against that defendant is absolutely null and void on its face,

and such a judgment may be attacked at anytime when the record reveals that service of process was not perfected. See Wyatt v. Haese, 649 So.2d 905, 907 (Fla. Dist. Ct. App. 1995) (citations omitted).[4]

In Wyatt, the Florida appellate court held that perfection of substituted service of process under section 48.161 required strict compliance with its statutory prerequisites because such service is an exception to personal service. 649 So.2d at 907 (citations omitted). As explained by the court, section 48.161 has three requirements: "(1) notice sent by registered or certified mail; (2) the defendant's return receipt; and (3) the affidavit of compliance." 649 So.2d at 907.

In this case, the state-court record is clear — there is no return receipt signed by the Defendant Stern. Indeed, the Plaintiff's counsel admits as much in his affidavit of compliance which he filed as required by the statute.[5] In that affidavit, he swears in paragraph 7 that "I did not receive a certified return receipt signed by RYAN STERN and the letter was returned to me indicating that RYAN STERN was not living at that address. The receipt was signed by a person identified to me as RYAN STERN's mother." Counsel further swears in paragraph 8 that "I believe that RYAN STERN has concealed and continues to conceal his whereabouts from creditors and others seeking him for legal purpose." However, the fact that the receipt was

---

[4] The law of the Eleventh Circuit Court of Appeals is to the same effect. See Juris v. Inamed Corp., 685 F.3d 1294, 1335 (11th Cir. 2012) (commenting that certain fundamental defects, such as lack of personal jurisdiction in a prior litigation, will render a judgment void and without legal effect) (citation omitted); Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009) (recognizing that an *in personam* judgment rendered without personal jurisdiction over a defendant is void as to that defendant).

[5] See docket 1-3.

returned by the Defendant Stern's mother with the notation that the Defendant Stern no longer lived at that address does not lead to the conclusion that he was concealing himself by intentionally failing or refusing to claim the notice. See Wyatt, 649 So.2d at 907 (determining that the fact that the first certified letter was returned "UNCLAIMED" and the second notice sent by regular mail and returned "NOT AT THIS ADDRESS" did "not reflect that appellant intentionally failed or refused to claim the notices" such that "no conclusion can be drawn that the failure to deliver the process was caused by the defendant rejecting the mail.") (citations omitted). Consequently, because the state-court record before the Court unequivocally reflects that the Plaintiff failed to acquire personal jurisdiction over the Defendant by substituted service of process on the Secretary of State of the State of Florida, the removing Defendant's failure to obtain his consent prior to removal does not deprive this Court of diversity jurisdiction.

Accordingly, for the reasons expressed, it is ordered and adjudged that the Plaintiff's Motion to Remand (Dkt. 6) is denied.

**DONE AND ORDERED** at Tampa, Florida, on February 13, 2014.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record